UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRUSTEES OF THE UNITED UNION OF
ROOFERS, WATERPROOFERS & ALLIED
WORKERS LOCAL UNION NO. 8 BENEFIT
FUNDS and THE UNITED UNION OF
ROOFERS, WATERPROOFERS & ALLIED
WORKERS LOCAL UNION NO. 8,

                              Plaintiffs,                        REPORT AND
                                                                           RECOMMENDATION
     -against-                                               22 CV 6853 (DLI)(RML)

K & M GENERAL CONTRACTING INC.,

                              Defendant.
------------------------------------------------------------X
LEVY, United States Magistrate Judge:

        By order dated April 13, 2023, the Honorable Dora L. Irizarry, United States District Judge, referred plaintiffs' motion for default judgment to me for report and recommendation. For the reasons stated below, I respectfully recommend that plaintiffs' motion be granted.

## BACKGROUND AND FACTS

        Plaintiffs, Trustees of the United Union of Roofers, Waterproofers & Allied Workers Local Union No. 8 Benefit Funds (the "Funds") and The United Union of Roofers, Waterproofers & Allied Workers Local Union No. 8 (the "Union" or together with the Funds, "plaintiffs") brought this action on November 9, 2022, under Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, to collect delinquent employer contributions to employee benefit plans. (Complaint, dated Nov. 9, 2022 ("Compl."), Dkt. No. 1.) Plaintiffs are the fiduciaries of jointly administered,

multiemployer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132(a)(3). (Id. ¶ 5.) The Funds are established and maintained by the Union and various employers pursuant to the terms of Collective Bargaining Agreements and Trust Indentures in accordance with the LMRA, 29 U.S.C. § 186(c)(5). (Id.)

Plaintiffs provide benefits to eligible employees, retirees, and their dependents on whose behalf their employer is required to contribute to the Funds pursuant to its Collective Bargaining Agreement ("CBA") between the employer and the Union. (Id. ¶ 6.) The Funds are authorized to collect contributions on behalf of the employees from the employers, and plaintiff Trustees, as fiduciaries of the Funds, are authorized to maintain suit as independent legal entities under Section 502(d)(l) of ERISA, 29 U.S.C. § 1132(d)(1), and are obligated to bring actions to enforce the provisions of the CBA and the Policy for Collection of Delinquent Contributions (the "Policy") that concern the protection of employee benefit rights. (Id.) The Union is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, which represents employees in an industry affecting commerce as defined in Section 501 of the LMRA, 29 U.S.C. § 142 and Section 3(4) of ERISA, 29 U.S.C. § 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York. (Id. ¶ 9.)

Defendant K & M General Contracting Inc. ("defendant") is a for-profit corporation with its principal place of business in Staten Island, New York. (Id. ¶ 14.) Defendant is an employer within the meaning of Sections 3(5), (11) and (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12), and 1145, and an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185. (Id. ¶ 12.) As an employer of employees covered by employee benefit plans and multiemployer plans maintained pursuant

to the CBA, defendant is obligated to make contributions to the plans in accordance with Section 515 of ERISA, 29 U.S.C. § 1145.  (Id. ¶ 13.)

The Dormitory Authority of the State of New York contracted with defendant to perform roofing work on a project for the City College of New York Compton Goethals Hall Roof Replacement and Associated Asbestos Abatement (the "DASNY Project").  (Id. ¶¶ 17, 18.) On July 27, 2021, defendant executed a Letter of Assent in connection with the DASNY Project wherein defendant agreed to be bound by the terms and conditions of the CBA.  (Id. ¶ 19.)  The CBA requires, among other things, that defendant remit benefit contributions to the Funds and dues check offs to the Union in a timely fashion for the hours worked by its employees within the trade and geographical jurisdiction of the Union on the DASNY Project.  (Id. ¶ 20.)

The New York City Health and Hospitals Corporation contracted with defendant to perform roofing work on a project at Jacobi Medical Center (the "NYCHH Project").  (Id. ¶¶ 23, 24.)  On March 22, 2022, defendant executed a Letter of Assent in connection with the NYCHH Project wherein it agreed to be bound by the terms and conditions of the CBA.  (Id. ¶ 25.)  Among other things, the CBA requires that defendant remit benefit contributions to the Funds and dues check offs to the Union in a timely fashion for the hours worked by its employees within the trade and geographical jurisdiction of the Union on the NYCHH Project. (Id. ¶ 26.)

According to the complaint, defendant has failed to remit the required benefit contributions to plaintiffs in connection with the work performed on the DASNY and NYCHH Projects.  (Id. ¶ 29.)  To date, the court has received no communication from defendant. Accordingly, the Clerk of the Court entered a certificate of default against defendant. (Certificate of Default, dated Apr. 11, 2023, Dkt. No. 20.)  Plaintiffs filed a motion for default

3

judgment on that same day. (Motion for Default Judgment, dated Apr. 11, 2023, Dkt. No. 21.)[1] Judge Irizarry then referred plaintiffs' motion to me for report and recommendation. (Order, dated Apr. 13, 2023.)

## DISCUSSION

The Federal Rules of Civil Procedure prescribe a two-step process for plaintiffs to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default," as it has done here. FED. R. CIV. P. 55(a). Second, after a default has been entered against the defendant and the defendant fails to appear or move to set aside the default under Rule 55(c), the court may, on a plaintiff's motion, enter a default judgment. Id. 55(b)(2). To grant a default judgment, the court must ensure that plaintiffs took all the required steps in moving for default judgment, including providing proper notice to defendants of the lawsuit.

Here, plaintiffs have filed an affidavit of a licensed process server attesting that defendant was served by delivering copies of the summons and complaint to the New York Secretary of State pursuant to Rule 4(h)(1)(b) of the Federal Rules of Civil Procedure and New York Business Corporation Law § 306. (See Affidavit of James Perone, sworn to Nov. 16, 2022, Dkt. No. 7.) Plaintiffs have also demonstrated that they served the Motion for Default Judgment and accompanying submissions on defendant in compliance with Local Rule 55.2(c). (See

---

[1] Plaintiffs' motion violates the Individual Rules of Judge Irizarry and Local Rule 7.1 as it was not accompanied by a memorandum of law. See Judge Irizarry's Individual Rules and Practices, Section IV(E); LOC. CIV. R. 7.1. However, in the interest of efficiency, the court will allow the motion papers to stand as filed. Plaintiffs are admonished to adhere to the Federal Rules of Civil Procedure, the Local Rules of the Court, and the Individual Rules of judges.

Affidavit of Service of Resa Signorelli, sworn to Apr. 11, 2023, Dkt. No. 21-5.) Defendant has failed to appear, respond to the complaint, or respond to plaintiffs' application for default. The grounds for default are therefore clearly established and I recommend entering judgment by default.

A defendant's "default is deemed to constitute a concession of all well pleaded allegations of liability." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). In civil actions, when a party fails to appear after having been given notice, the court normally has justification for entering default. Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir. 1984). However, upon default, allegations pertaining to damages are not deemed admitted. Greyhound, 973 F.2d at 158. The movant must establish its entitlement to the recovery of damages. Id. The court may conduct a hearing or rely on affidavits or other documentary evidence to determine damages. See FED. R. CIV. P. 55(b)(2).

Under Section 515 of ERISA, defendant is required to make contributions to the Funds in accordance with the terms of the CBA. See 29 U.S.C. § 1145. In an ERISA action brought by a fiduciary for or on behalf of a benefit plan to enforce rights under Section 1145, the statute specifies the damages to be awarded when judgment is entered in favor of the plan as:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of—
>     (i) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

Id. § 1132(g)(2). In addition, the LMRA authorizes federal lawsuits "for violation of contracts between an employer and labor organization representing employees in an industry affecting

5

commerce." Id. § 185(a). Defendant's failure to remit contributions to the Funds is in violation of the CBA and, as a matter of contract law and under Section 301 of the LMRA, plaintiffs are entitled to damages on behalf of the Funds and the Union. See Brown v. C. Volante Corp., 194 F.3d 351, 354 (2d Cir. 1999) (holding that employee benefit plans are permitted to bring suit under Section 301 of the LMRA to collect delinquent contributions, as well as interest).

Plaintiffs seek: (1) unpaid contributions in the amount of $200,000; (2) interest thereon totaling $18,229.39; and (3) attorney's fees and costs in the amount of $2,690. (Declaration of Dana L. Henke, Esq. in Support of Plaintiffs' Motion for Default Judgment, dated Apr. 3, 2023 ("Henke Decl."), Dkt. No. 21-1, ¶ 29.) I will address each of plaintiffs' requests in turn.

    1.    <u>Unpaid Contributions</u>

Plaintiffs seek an award of $200,000 in unpaid contributions for February through August 2022. (Henke Decl. ¶ 15; <u>see also</u> Affidavit of Christopher Schnupp in Support of Plaintiffs' Motion for Default Judgment, sworn to Apr. 4, 2023 ("Schnupp Aff."), Dkt. No. 21-2, ¶¶ 5, 9.) The CBA requires defendant to submit monthly contributions and contribution remittance reports while participating in projects employing bargaining unit members of the Union. (Schnupp Aff. ¶ 4; <u>see also</u> Collective Bargaining Agreement, attached as Ex. B to the Henke Decl., filed Apr. 11, 2023, Dkt. No. 21-1, Art. VIII–Art. XI.) Plaintiffs retain Zenith American Solutions Inc. ("Zenith") as a third-party administrator of the Funds to monitor the payment of benefit contributions and union assessments. (Schnupp Aff. ¶ 1.) Plaintiffs provided the court with copies of the remittance reports submitted by defendant to plaintiffs. (Contribution Reports, attached as Ex. F to the Henke Decl., filed Apr. 11, 2023, Dkt. No. 21-2.) The remittance reports submitted by defendant demonstrate that defendant failed to remit

$200,000 in contributions to plaintiffs for the period of February through August 2022. (Schnupp Aff. ¶ 5; see also Contribution Reports.)

Having reviewed the declarations and exhibits attached to the motion for default judgment, I find that Zenith's report and defendant's unpaid remittance reports sufficiently establish the amount defendant owes to plaintiffs in unpaid contributions. Therefore, I respectfully recommend that plaintiffs be awarded $200,000 in unpaid contributions.

2.  Interest on Unpaid Contributions

Plaintiffs seek interest on the unpaid contributions. Pursuant to Section 502 of ERISA, plaintiffs are entitled to interest on unpaid contributions calculated at the rate provided by the plan. See 29 U.S.C. § 1132(g)(2)(E). The CBA provides that an employer shall be assessed interest at the prime rate plus four percent per annum with a minimum interest rate of eight percent per annum of the total contributions due. (Schnupp Aff. ¶ 6.) I have reviewed the calculations provided by plaintiffs and find that they accurately reflect the interest due for the period of February through August 2022.[2] However, since interest continues to accrue on all outstanding principal through the date of the entry of judgment, I cannot recommend a specific interest award at this time. Instead, I respectfully recommend that interest be awarded on the unpaid principal at the rate of eight percent per annum, through the date of judgment.

---

[2] "The Fund Office multiplied the contributions owed for February 2022 ($54,410.85) * 8% = $4,352.868. The Fund Office then divided $4,352.868 by 12 month = $362.739 a month. The Fund Office multiplied the $362.739 from the due date through April 2023 [when the motion for default judgment was filed] (14 months) = $5,078.35, which is the interest owed to the Funds and Union for February 2022. The Fund Office performed the same calculation for each delinquent month and added all the interest together to arrive at the total sum of interest of $18,229.39." (Schnupp Aff. ¶ 6.)

7

3. <u>Attorney's Fees and Costs</u>

Finally, plaintiffs seek an award of attorney's fees and costs. (Henke Decl. ¶¶ 19-24.) As the prevailing party, plaintiffs are entitled to an award of attorney's fees and costs, pursuant to 29 U.S.C. § 1132(g)(2)(D). Plaintiffs' counsel seeks $2,210 in attorney's fees and $480 in costs. (<u>Id.</u> ¶¶ 23, 24.) In the Second Circuit, courts calculate a "presumptively reasonable fee" by taking the product of the hours reasonably expended and a reasonable hourly rate that reflects what "a reasonable, paying client would be willing to pay." <u>Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cty. of Albany</u>, 522 F.3d 182, 183-84 (2d Cir. 2008) (internal quotations omitted). In performing this analysis, the court has "considerable discretion." <u>Id.</u> at 190. The party seeking fees must provide accurate, detailed, and contemporaneous attorney time records. <u>See</u> <u>Scott v. City of New York</u>, 643 F.3d 56, 58-59 (2d Cir. 2011) (per curiam).

To determine what constitutes a reasonable hourly rate, this court looks to the hourly rates that attorneys routinely charge for comparable work in the Eastern District of New York. <u>Loc. No. 46 Metallic Lathers Union & Reinforcing Iron Workers Welfare Tr. Fund v. Crops Design Corp.</u>, No. 12 CV 4218, 2013 WL 5460871, at *6 (E.D.N.Y. Sept. 30, 2013). In this district, the prevailing hourly rates are generally "$200 to $450 for partners in law firms, $200 to $325 for senior associates, [and] $100 to $200 for junior associates[.]" <u>Noboa v. Quality Homes USA, Inc.</u>, No. 21 CV 7134, 2023 WL 35030, at *2 (E.D.N.Y. Jan. 4, 2023) (citation and quotation marks omitted); <u>see also</u> <u>Perrone v. Amato</u>, No. 09 CV 316, 2022 WL 595187, at *3 (E.D.N.Y. Feb. 27, 2022) (prevailing hourly rates "generally range from $300.00 to $450.00 for partner-level attorneys, and $200.00 to $325.00 for those with less experience."). "Courts have also recognized 'the relative simplicity of ERISA default cases by consistently approving rates

8

that are closer to the lower end of the typical ranges.'" Trs. of Pavers & Rd. Builders Dist. Council Welfare, Pension, Annuity, & Apprenticeship, Skill Improvement & Safety Funds v. Shelbourne Constr. Corp., No. 20 CV 1980, 2021 WL 7908024, at *6 (E.D.N.Y. Jan. 4, 2021) (quoting Gesualdi v. Lubco Transp. Inc., No. 15 CV 6727, 2017 WL 946297, at *4 (E.D.N.Y. Feb. 22, 2017), report and recommendation adopted, 2017 WL 943937 (E.D.N.Y. Mar. 9, 2017)).

      Plaintiffs have submitted time records that indicate the date, duration, and nature of the work performed by counsel. (See Henke Decl. ¶ 23.) Plaintiffs request a rate of $300 per hour for the 6 hours expended by Dana L. Henke, Esq. (Id. ¶ 21.) Additionally, plaintiffs request a rate of $100 for the 4.1 hours expended by the paralegal on this case. (Id.) Ms. Henke, an associate at Barnes, Iaccarino & Shepherd LLP, has been practicing law since 1990 and has litigated actions for the recovery of employee benefits on behalf of various union trust funds for over thirty years. (Id.) I find the requested rate of $300 for Ms. Henke to be reasonable considering the prevailing rates in this district for attorneys with comparable experience. See, e.g., Trs. of Loc. 813 Pension Trust Fund v. Rizzo Env't Servs. Corp., No. 19 CV 6622, 2020 WL 7249289, at *7-8 (E.D.N.Y. Oct. 31, 2020) (approving hourly rate of $325 for an experienced associate in ERISA default action), report & recommendation adopted, 2020 WL 7021595 (E.D.N.Y. Nov. 30, 2020); Trs. of Operative Plasterers' & Cement Masons Int'l Ass'n Loc. 262 Welfare Fund, Annuity Fund, Pension Fund & Apprenticeship Training Funds v. Varied Constr. Corp., No. 16 CV 5445, 2018 WL 1525801, at *5 (E.D.N.Y. Feb. 27, 2018) (approving rate of $250 per hour for Ms. Henke), report and recommendation adopted sub nom., Trs. of Operative Plasterers' v. Varied Constr. Corp., 2018 WL 1525694 (E.D.N.Y. Mar. 28, 2018).

I also find the requested rate of $100 for the work of the paralegal to be reasonable. See, e.g., Finkel v. JCF Elec., Inc., No. 21 CV 3161, 2022 WL 3682834, at *4 (E.D.N.Y. Aug. 25, 2022) (finding $120 to be a reasonable hourly rate for the work of legal assistants); Finkel v. Firealarm Elec. Corp., No. 21 CV 3802, 2022 WL 1407239, at *12 (E.D.N.Y. Feb. 11, 2022) (approving rate of $120 per hour for the work of legal assistants in an ERISA case).

Turning next to the reasonableness of time expended, I find that it was reasonable for counsel to devote 10.1 hours to this case. See, e.g., Trs. of Pavers & Rd. Builders Dist. Council Welfare, Pension, Annuity & Loc. 1010 Apprenticeship, Skill Improvement & Training Funds v. PCM Contracting Corp., No. 20 CV 1832, 2022 WL 584536, at *10 (E.D.N.Y. Feb. 3, 2022) (finding that 39.4 hours billed in a comparable case was "within the range of reasonable hours expended in similar ERISA cases involving default judgment"); Trs. of Pavers & Rd. Builders Dist. Council Welfare, Pension, Annuity, & Apprenticeship, Skill Improvement & Safety Funds v. Shelbourne Constr. Corp., No. 19 CV 2312, 2020 WL 1668041, at *8 (E.D.N.Y. Mar. 5, 2020), report and recommendation adopted, 2020 WL 1666461 (E.D.N.Y. Apr. 3, 2020) (holding that 45.30 hours in a similar case was not excessive, redundant, or unnecessary). Therefore, I respectfully recommend that plaintiffs be awarded $2,210 in attorney's fees.

Plaintiffs also seek costs in the amount of $480. (Henke Decl. ¶ 24.) 29 U.S.C. § 1132(g)(2)(D) directs a court to award reasonable costs when "a judgment in favor of the plan is awarded." 29 U.S.C. § 1132(g)(2)(D). Prevailing plaintiffs in an action under ERISA are entitled to "[r]easonable and identifiable out-of-pocket disbursements ordinarily charged to clients." Trs. of Plumbers Loc. Union No. 1 Welfare Fund, Additional Sec. Ben. Fund, Vacation & Holiday Fund, Trade Educ. Fund, & 401(K) Sav. Plan v. Temperini Mech., Inc., No. 12 CV

5646, 2014 WL 4678025, at *4 (E.D.N.Y. Sept. 19, 2014) (quoting Trs. of the Road Carriers Loc. 707 Welfare Fund v. Goldberg, No. 08 CV 884, 2009 WL 3497493, at *10 (E.D.N.Y. Oct. 28, 2009)).  Plaintiffs may recover "[c]osts relating to filing fees, process servers, postage, and photocopying."  Teamsters Loc. 814 Welfare Fund v. Dahill Moving & Storage Co., 545 F. Supp. 2d 260, 269 (E.D.N.Y. 2008).  In this case, costs include $402 for the filing fee and $78 for process server fees.  (Henke Decl. ¶ 24.)  I find that the requested costs are reasonable, and therefore recommend that plaintiffs be awarded $480 in costs.

## CONCLUSION

For the reasons explained above, I respectfully recommend that plaintiffs' motion for default judgment be granted and that plaintiffs be awarded: (a) $200,000 in unpaid contributions; (b) interest on the unpaid contributions at the rate of eight percent per annum, through the date of judgment; (c) $2,210 in attorney's fees; and (d) $480 in costs.  Any objection to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days.  Failure to file objections in a timely manner may waive a right to appeal the District Court's order.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(d), 72.

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
       July 27, 2023

11